IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE LANE, | : | |
| | : | |
| Plaintiff, | : | NO. 5:22-CV-00441-TES-CHW |
| VS. | : | |
| | : | |
| PASHION CHAMBERS, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

### ORDER

*Pro se* Plaintiff Willie Lane, a prisoner incarcerated at the Central State Prison in Macon, Georgia, has filed a motion to compel discovery (ECF No. 1), a motion for an order to compel discovery (ECF No. 2), a motion to appoint an attorney (ECF No. 6) and a motion to proceed *in forma pauperis* (ECF No. 7). Plaintiff has further sent letters to the Court regarding the referral of this matter to the Magistrate Judge (ECF No. 4), a request for multiple habeas and § 1983 complaint forms as well as subpoenas (ECF No. 5), and another request for multiple witness subpoenas (ECF No. 8). Plaintiff has yet to file a complaint, however. Plaintiff must file a complaint on the Court's standard form, as instructed below, if he wishes to proceed with a civil action in this Court.

Because Plaintiff has yet to file a complaint, Plaintiff's motion for the appointment of counsel (ECF No. 6) is **DENIED** as premature. Plaintiff's motion to compel discovery (ECF No. 1) and motion for an order to compel discovery (ECF No. 2) are also premature. The Court will not grant a plaintiff's request to produce evidence or issue subpoenas prior to the Court's determination that the Plaintiff has complied with the

mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A and that Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013).  If Plaintiff files a complaint that satisfies the statutory standards mandated by Congress and the local rules of the Court, that complaint will be screened pursuant to 28 U.S.C. §§ 1915 & 1915A to determine whether any of Plaintiff's claims may proceed against any defendant for further factual development.  If so, Plaintiff will then receive instructions from the Court on the commencement of discovery and the issuance of summons or subpoenas. Accordingly, Plaintiff's motion to compel discovery (ECF No. 1) and motion for an order to compel discovery (ECF No. 2) are **DENIED**, and there shall be no discovery or issuance of subpoenas until an order of the Court authorizes the same.

If Plaintiff's filing in this Court of his many motions is an attempt to raise a constitutional claim, possibly regarding his medical care, his current pleadings are insufficient to do so.  To proceed with this civil action regarding the allegations contained in his motions, Plaintiff must complete a complaint on the Court's required 42 U.S.C. § 1983 complaint form.  Plaintiff must fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies.

Plaintiff is cautioned that the opportunity to cast a complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Just because alleged events occur in one prison does not necessarily make claims about those allegations related. A plaintiff cannot join unrelated claims and defendants in a single action. Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). If Plaintiff attempts to join unrelated claims, those claims may be dismissed.

The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant. Supervisory officials, such as a Warden, Deputy Warden, or medical supervisor, are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). In other words, a plaintiff must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a supervisory prison official. *Hartley v. Parnell*, 193 F.3d 1263,

3

1269 (11th Cir. 1999); *see also Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Plaintiff should take care to include all relevant factual allegations that he wishes to raise against a named defendant in this complaint. The Court will only consider the factual allegations and claims contained in Plaintiff's complaint should he file one and will not consider any allegations contained in Plaintiff's previous pleadings presented to this Court. Accordingly, any fact Plaintiff deems necessary to his claim against a named defendant should be clearly stated on the complaint form. It is also recommended that, when drafting his statement of claims on the standard form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)   Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions

>
> otherwise cause the unconstitutional action? How do you know?
>
> (3) When and where did each action occur (to the extent memory allows)?
>
> (4) How were you injured because of this Defendant's actions or inactions?
>
> (5) What relief do you seek from this Defendant?

Plaintiff should state his claim as simply as possible, referring only to the relevant allegations against the named defendants in this case. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, medical records, etc.). ***The complaint must be no longer than ten (10) pages in its entirety.***

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel discovery (ECF No. 1), motion for an order to compel discovery (ECF No. 2), and motion to appoint an attorney

(ECF No. 6) are all **DENIED** as premature. The Court will defer its ruling on Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) for at least fourteen days to await the filing of a complaint by the Plaintiff.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on all) to Plaintiff. Plaintiff is **ORDERED** to complete and return the 42 U.S.C. § 1983 complaint form following this Court's instructions herein within **FOURTEEN (14) DAYS** of the date of this Order. There shall be **NO SERVICE** of process or subpoenas upon any Defendant or commencement of discovery until further order of the Court. Plaintiff is to also notify the Court of any change of address. **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.**

**SO ORDERED and DIRECTED**, this 11th day of January, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge