# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

|  |  |  |
|---|---|---|
| WILLIE LANE, | : | |
| | : | |
| **Plaintiff,** | : | **NO. 5:22-CV-00441-TES-CHW** |
| VS. | : | |
| | : | |
| PASHION CHAMBERS, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Willie Lane, a prisoner incarcerated at Central State Prison in Macon, Georgia, filed the above-captioned 42 U.S.C. § 1983 claim. ECF No. 10. Plaintiff also filed motions for leave to proceed *in forma pauperis* (ECF Nos. 7 and 11) as well as a motion for a preliminary injunction (ECF No. 13). Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 7 and 11) are now **GRANTED**, and his complaint is ripe for preliminary review. On preliminary review, Plaintiff will be allowed to proceed on his Eighth Amendment claim against Defendant Doctor Eni Nwabueze for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims as to Chambers, Harrison, and Wellpath Care be **DISMISSED** without prejudice for failure to state a claim. It is also **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 13) be **DENIED**.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF Nos. 7 and 11.  As it appears Plaintiff is unable to pay the cost of commencing this action (*see* ECF No. 7 at 3-4), his applications to proceed *in forma pauperis* are hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.  <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is currently housed.  It is **ORDERED** that the warden of the institution wherein

Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a "Motion for a Temporary Restraining Order and Preliminary Injunction". ECF No. 13. The grant or denial of a preliminary injunction is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites.'" *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc*., 887 F2d. 1535, 1537 (11th Cir. 1989) (citations omitted).

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1178–79 (11th Cir. 2020) (citing *Ne. Fla. Ch. of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). Thus, "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Brown v. Anglin*, 2016 WL 6803133, at *1 (N.D. Fla. Jun. 27, 2016) (denying motion for preliminary injunction related to a sexual assault that was wholly

unrelated to claim in suit of lack of access to legal materials), *report and recommendation adopted sub nom. Brown v. Holland*, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).  The Court "may not grant injunctive relief to remedy an alleged [constitutional] violation" that "is not at issue in th[e] suit" before the Court. *See King v. Zamiara*, 788 F.3d 207, 217–18 (6th Cir. 2015) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Plaintiff complains in his motion for a preliminary injunction that an unspecified delay in mail delivery is in some unspecified way denying him access to the courts in violation of the First, Sixth, and Fourteenth Amendment of the United States Constitution.[1] ECF No. 6.  He makes no specific request for relief statin what Defendant needs to be enjoined from performing what particular act.  *See id*.  More importantly, Plaintiff's § 1983 complaint solely contains allegations regarding a failure to treat his hernia and in no way alleges any denial of access to the courts.  *See* ECF No. 10.  No purpose of preserving the status quo will be served by granting Plaintiff's motion regarding denial of access to the courts where the conduct complained of in his request (delayed mail) is wholly unrelated to the conduct complained of in the complaint (failure to treat a hernia).  Accordingly, it is **RECOMMENDED** that Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction" (ECF No. 13) be **DENIED**.

---

[1] This Court has received in a timely manner every document requested by this Court of the Plaintiff.  Moreover, the Court accounts for mail delivery schedules in reviewing its docket.  Thus, the Plaintiff appears to have the necessary access to this Court so as not to interfere with pleading his claims of deliberate indifference to a serious medical need.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim

6

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Plaintiff's Allegations</u>

Plaintiff is a prisoner at Central State Prison.  ECF No. 10 at 5.  He states that he "suffers with a left inguinal hernia that causes him extreme pain".  *Id*. at 12.  Plaintiff states that he suffers from pain for the "majority of his waking hours" and that he "constantly feels like his insides are falling out of his body".  Id.  Due to the hernia, his daily activities are limited to lying in his bed.  *Id*.  Plaintiff states he first approached prison medical

personnel on July 22, 2022 regarding his condition.  *Id*.  Plaintiff was seen by Defendant Dr. Nwabueze who diagnosed him with a hernia and provided Plaintiff with a hernia belt as his course of treatment.  Id.  Plaintiff complains that Defendant Nwabueze "refused to provide Plaintiff any pain medication" and "denied a request for a consult with a specialist".  *Id*.  Plaintiff was again seen by medical personnel (Nurse Ross and PA Gaskins) two times in August 2022 due to extreme pain, and the hernia belt remained the only course of treatment provided to Plaintiff.  *Id*. at 13.  Plaintiff asserts that "the only treatment for an inguinal hernia is surgical repair" and that "without surgery, the tear or weakness in the abdominal wall will never heal and the patient will continuously suffer from intense pain, discomfort, and limited activity: as well as risk of infection, intestinal obstruction, and death".  *Id*. at 10.  He further asserts that "a hernia belt … or other binding options are not treatment for hernias" and that "basing the decision to perform surgery on whether the hernia is reducible irrespective of other symptoms, falls below accepted medical practice and standard of care".  *Id*. at 11.  Plaintiff seeks damages and injunctive relief.  *Id*. at 16.

III.    Plaintiff's Claims

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'"  *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "However, not 'every claim by a prisoner

that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105).

A prisoner seeking to state an Eighth Amendment claim for deliberate indifference to a serious medical need must allege facts to show that his medical need was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243. An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011); *see also Miller v. King*, 384 F.3d 1248, 1251 (11th Cir.2004) ("even gross negligence" is insufficient to establish liability under § 1983). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that

9

"[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106; *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991); *Brinton v. Gaffney,* 554 F.Supp. 388, 389 (E.D.Pa.1983) (a § 1983 claim "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice").

The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness. *Farmer,* 511 U.S. at 837. "[I]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Constitution in "'supplying medical needs.'" *Adams v. Poag,* 61 F.3d at 1543 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). In fact, care provided to a prisoner need not be "perfect, the best obtainable, or even very good." *Harris,* 941 F.2d at 1510 (quoting *Brown v. Beck,* 481 F.Supp. 723, 726 (S.D.Ga.1980)).

A.  Claim against Defendant Nwabueze

As discussed above, a prisoner seeking to state a claim for deliberate indifference to a serious medical need must allege facts showing that his medical need was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow,* 320 F.3d at 1243.  Plaintiff asserts that Doctor Nwabueze was aware of Plaintiff's hernia, in that he was the doctor who examined the Plaintiff and diagnosed his condition.  ECF No. 10 at 13.  Thus, Plaintiff has sufficiently alleged a serious medical need.  *See Hill*, 40 F.3d at 1187.  As for the second prong of a deliberate indifference to a serious medical need claim,

Plaintiff asserts that Doctor Nwabueze ordered a hernia belt for Plaintiff but did not order surgery and did not prescribe anything for his pain.   ECF No. 10 at 12.   Generally, a disagreement over the proper treatment for a medical condition will not constitute deliberate indifference. *See Massey v. Montgomery Cty. Det. Facility*, 646 F. App'x 777, 781 (11th Cir. 2016) (per curiam).   "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams,* 61 F.3d at 1545 (quoting *Estelle,* 429 U.S. at 107); *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir.1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable).

Plaintiff alleges that surgery is the only cure for his hernia, that the hernia belt has done nothing to alleviate his symptoms, and that he has suffered in pain for months without having any medication prescribed to treat his intense pain.   ECF No. 10 at 10-13.   He further explicitly asserts that "the only treatment for an inguinal hernia is surgical repair" and that "without surgery, the tear or weakness in the abdominal wall will never heal and the patient will continuously suffer from intense pain, discomfort, and limited activity: as well as risk of infection, intestinal obstruction, and death". *Id.* at 10.

At this stage of the case, the Court must construe the allegations liberally in Plaintiff's favor.   Applying this standard, the Court will read Plaintiff's complaint as alleging that surgery is the only medically proper treatment for Plaintiff's hernia and that

Doctor Nwabueze knew that a hernia belt coupled with no medication for pain relief was not an adequate treatment, thereby causing Plaintiff added months of extreme pain as well as placing Plaintiff at risk of infection and death.  Accepting these allegations as true, Plaintiff has set forth enough allegations to allow this claim to proceed for further factual development.  *See e.g., Farrow*, 40 F.3d at 1243: *Rhiner v. Sec'y, Fla. Dep't of Corrs.*, 696 F. App'x, 930 (11th Cir. 2017) (per curiam) (finding allegations that medical staff was aware of serious medical need and "failed to act" sufficient to state Eighth Amendment claim); *McElligott,* 182 F.3d at 1257 ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain.").  Accordingly, Plaintiff's Eighth Amendment claim shall go forward against Defendant Nwabueze for further factual development.

    B.   <u>Claims against Defendants Chambers, Harrison, and Wellpath Care</u>

It is unclear why Plaintiff has named Deputy Warden Chambers, Medical Health Administrator Harrison, and Wellpath Care as Defendants in this action.  Plaintiff makes no allegations regarding these Defendants.  A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.  *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.");

*Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the supervisory role of any of the Defendants, then his claim still fails.  It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).  A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)).  Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that any of the named supervisory Defendants had any direct or indirect involvement in the course of medical treatment about which Plaintiff complains. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's

dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Accordingly, it is **RECOMMENDED** that Plaintiff's unspecified claims as to Defendants Chambers, Harrison, and Wellpath Care be **DISMISSED** without prejudice.

IV.    Conclusion

Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 7 and 11) are **GRANTED**.  For the foregoing reasons, Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Dr. Nwabueze shall proceed for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's claims as to Defendants Chambers, Harrison, and Wellpath Care be **DISMISSED without prejudice** for failure to state a claim.  It is also **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 13) be **DENIED**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  *See*

M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Doctor Eni Nwabueze, it is accordingly **ORDERED** that service be made on the Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that

discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 24th day of February, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge